IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. 11-cv-00849-WYD

JULIO GUZMAN,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

---

ORDER DISMISSING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The Court has determined it can resolve the Application without a hearing.[1]

**I.    Background**

On August 8, 2004, Applicant was sentenced by the United States District Court for the Eastern District of North Carolina in case number 7:03CR00119-001 to 120 months incarceration for possession of a firearm and ammunition by a convicted felon.[2] He is currently housed by the Federal Bureau of Prisons (BOP) at the United States

---

[1] Blackledge v. Allison, 31 U.S. 63, 83 (1977); see also Jeter v. Keohane, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Resp. To Order To Show Cause (Doc. No. 13; June 20, 2011), Ex. A-1 at ¶ 3 & attach. 1 at 2. Applicant does not dispute the authenticity of the attachments to the response. See, e.g., Rules Governing Section 2254 Cases 7(c).

Penitentiary in Florence, Colorado, and is projected to be released on November 16, 2012.[3]

Typically, as an inmate nears the end of his sentence, the BOP arranges for a transfer of the inmate to a Residential Reenty Center (RRC), or halfway house,[4] in which the inmate begins to adapt to civilian life in a less-restrictive environment. On February 23, 2011, Applicant was reviewed for RRC placement, and the BOP deemed a period of 90 to 180 days sufficient to assist him with his re-entry needs, including search for employment and reintegration into the community.[5]

**II.   Application**

Applicant filed *pro se* his 28 U.S.C. § 2241 Application on April 1, 2011.[6] Respondent notified the Court that he would not be raising the affirmative defense of exhaustion of administrative remedies.[7] This Court subsequently issued an Order To Show Cause to Respondent on May 6, 2011.[8] Respondent filed his answer on June 20, 2011.[9] Applicant did not file a traverse.

---

[3]Id.

[4]RRC will be used in this Order to refer to any pre-release transition program Applicant may be entitled to.

[5]Id., Ex. A-1 at ¶¶ 13-14 & attach. 5.

[6]Doc. No. 1.

[7]Resp't Preliminary Resp. (Doc. No. 8; Apr. 29, 2011).

[8]Doc. No. 10.

[9]Doc. No. 13.

Applicant is challenging the BOP's RRC determination as a violation of 18 U.S.C. § 3621(b) and the Second Chance Act of 2007 (SCA).[10] He contends that he should have been approved for the statutory maximum of twelve months of RRC placement, and the BOP's decision otherwise is a violation of the Due Process clause of the Fifth Amendment.[11] Applicant requests an immediate transfer to a 12-18 month RRC placement.

## III.     Legal Standard

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[12]  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."[13]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[14]

---

[10]Doc. No. 1, at 3-5.

[11]See 18 U.S.C. § 3624(c)(1).

[12]McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

[13]Hernandez v. Davis, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998).

[14]Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[15]  Here, Applicant correctly filed his petition in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[16]  The Court should not be the *pro se* litigant's advocate.[17]

## IV.   Analysis

In February 2011, after performing the necessary evaluation required by 18 U.S.C. § 3624(c)(6), BOP staff recommended that Applicant be placed in RRC for the final 90 to 180 days of his sentence.  Applicant disagrees with that conclusion, contending that Congress, via passage of the SCA, intended that RRC placements should be for twelve months.  Applicant also claims that the BOP's regulations are an impermissible interpretation of the statutes.

The Court interprets Applicant's claim as invoking the protection of the Due Process clause of the Fifth Amendment.  The Procedural Due Process clause ensures that the government will not deprive a party of liberty or property without engaging in fair

---

[15] 28 U.S.C. § 2241(a); Bradshaw, 86 F.3d at 166.

[16] Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[17] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

procedures to reach a decision; the Substantive Due Process clause ensures that the decision reached is not arbitrary or capricious.[18]  Applicant's claim is interpreted to contend that the BOP improperly applied the SCA or, alternatively, incorrectly made its decision based on the facts in this case.

In 2007, Congress passed the SCA which provides that the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [a sentence] (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[19]  Prior to that enactment, the statue provided that assignment to an RRC under this provision would "not [ ] exceed 6 months."  Thus, the SCA granted the BOP discretion to place soon-to-be-released inmates into RRCs for longer periods of time.

In order to effectuate this additional discretion, the BOP promulgated a policy by which its "staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release [RRC] placement."[20]  At the same time, the policy noted that BOP "experience reflects

---

[18] Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1210 (10th Cir. 2000).

[19] 18 U.S.C. § 3624(c)(1).  The discussion of the SCA is adapted from Judge Krieger's dismissal order in Henderson v. Davis, No. 10-cv-00838-MSK, 2010 WL 4627802 (D. Colo. Nov. 8, 2010).

[20] Doc. No. 13, attach. 2 at 4.

[that] inmates' pre-release [RRC] needs can usually be accommodated by a placement of six months or less."[21]

Congress has reposed considerable discretion in the BOP regarding placement of inmates.[22]  In promulgating the SCA, Congress expressly made clear that it was not intending "to limit or restrict the authority" of the BOP in this regard.[23]  To the extent that Applicant is asking this Court to read the SCA as reflecting a Congressionally-enacted presumption that 12 months' RRC placement is required for most inmates, this conclusion would do injustice to Congress' clearly-expressed intention not to usurp the BOP's discretion on placement matters.

Prior to the SCA, courts repeatedly rejected arguments that the prior language authorizing prerelease custody entitled them to a particular amount of RRC placement.[24]  If, in enacting the SCA, Congress intended to reverse that line of reasoning and constrain the BOP's decision making ability, it could have done so expressly.  However, besides changing the phrase "six months" to "twelve months," the SCA makes only

---

[21] Id.; see Garza v. Davis, 596 F.3d 1198, 1202-03 (10th Cir. 2010) (discussion of BOP memoranda regarding SCA changes).

[22] 18 U.S.C. § 3621(b) (the BOP "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable").

[23] 18 U.S.C. § 3624(c)(4).

[24] See Zamarripa v. Peterson, 105 Fed. Appx. 253, 254 (10th Cir. 2004) (quoting Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992)) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period").

cosmetic changes to the existing statutory language.[25]  Congress' refusal to make additional substantive changes to the statutory language as part of the Second Chance Act strongly suggests that it did not intend to fundamentally alter the way in which that statute had been previously construed by the courts.  To read the statute otherwise would require this Court to attribute to Congress an intention far beyond what is evident in the text.

Accordingly, this Court finds nothing in the Second Chance Act or the BOP's policy memoranda applying it, that justify Applicant's contention that twelve months of RRC placement is presumptively necessary.[26]  Therefore, the Court need only review the BOP's placement decision, and this review is necessarily limited.  The BOP is vested with broad authority to determine the length of a prisoner's RRC assignment.[27]  As long as the BOP properly followed the statutory guidelines and related agency policies, review of the final decision is inappropriate for a habeas court.[28]

The evidence here indicates that the BOP considered the five statutory factors contained in 18 U.S.C. § 3621(b), determined the length of placement on an individual basis, and recommended a length of stay that the BOP felt to be of sufficient duration to

---

[25] *See* Henderson, 2010 WL 4627802, at *3 n.3.

[26] *See* Bernard v. Roal, 716 F.Supp. 2d 354 (S.D.N.Y. 2010); Ebeck v. Anderson, No. 09-3371-CV-S-RED-H, 2010 WL 234726 (W.D. Mo. Jan. 13, 2010); McDonald v. Obama, No. 1:10-CV-379, 2010 WL 1526443 (M.D. Pa. Mar. 15, 2010); Henderson, 2010 WL 4627802.

[27] 18 U.S.C. § 3624(c)(1) and (4).

[28] Fournier v. Zickefoose, 620 F.Supp. 2d 313, 318 (D. Conn. 2009) ("[o]nce the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.").

provide the greatest likelihood of successful reintegration into the community.[29] BOP staff did not find unusual or extraordinary circumstances justifying a placement beyond six months.[30] Conversely, Applicant's resources including family support, residence, life skills, financial resources, community resources, and general job skills, and his institutional misconduct while in BOP custody, are factors justifying a typical RRC placement.[31]

On this record, a 90 to 180 day RRC placement was an appropriate decision by the BOP, within the scope of its authority, and thus does not reflect a deprivation of Applicant's Procedural or Substantive Due Process rights.[32] His federal sentence has thus not been executed unlawfully, and he is not entitled to habeas relief.

---

[29] 18 U.S.C. § 3624(c)(6).

[30] Doc. No. 13, Ex. A-1 at ¶¶ 13-14 & attach. 5.

[31] Id.

[32] See Henderson, 2010 WL 4627802, at *2-3; Bernard, 716 F.Supp. 2d 354.

**V.     Order**

It is ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1; Apr. 1, 2011) is denied and the petition is dismissed with prejudice.

Dated:  August 31, 2011.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE